UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAG SPV I, LLC,

         Plaintiff,

- against -

FORTUNE GLOBAL SHIPPING & LOGISTICS, LTD.,

         Defendant.

19 CV

**VERIFIED COMPLAINT**

Plaintiff WAG SPV I, LLC ("**WAG**"), by and through its attorneys, Watson Farley & Williams LLP, as and for its Verified Complaint against Defendant Fortune Global Shipping & Logistics, Ltd. ("**Fortune Global**"), alleges upon information and belief as follows:

### Subject Matter Jurisdiction

1. This is an admiralty or maritime claim within the meaning of Federal Rule of Civil Procedure ("**F.R.Civ.P.**") 9(h) and 28 U.S.C. § 1333.

### Parties

2. Plaintiff WAG SPV I, LLC is a Texas limited liability company with its principal place of business in Dallas, Texas. WAG is the sole owner of the heavy lift pipe laying vessel SEA HORIZON ("**SEA HORIZON**"). Exhibit 1 (Certificate of Ownership and Encumbrance).

3. Defendant Fortune Global Shipping & Logistics, Ltd. is a Nigerian company with its principal place of business at 15, Fatai Irawo Street, Ajao Estate, Lagos State, Nigeria.

### FACTS

4. On or about November 22, 2016, WAG purchased the Panamanian-flagged heavy lift pipe laying vessel SEA HORIZON.

The Ghana Proceedings Commenced by Fortune Global

5. On or about September 18, 2018, Defendant Fortune Global filed an *ex parte* application for the arrest and detention of SEA HORIZON in the Republic of Ghana (the "**Arrest**"). Exhibit 2 (Application for Arrest and Detention).

6. In its application, Fortune Global alleges it is owed money by Ranger Subsea Nigeria Limited ("**Ranger Subsea**"), a Nigerian company, operating out of Houston, Texas. Fortune Global claims it was engaged by Ranger Subsea in connection with its diving and marine construction services.

7. As detailed in WAG's application to discharge the arrest in Ghana (Exhibit 3), Ranger Subsea engaged Fortune Global via a Master Service Agreement ("**MSA**") dated August 20, 2014. Ranger Subsea is purportedly indebted to – but has not paid – Fortune Global approximately $1.9 million for these services.

8. The MSA makes no reference to WAG or SEA HORIZON, nor was any of the work performed by Fortune Global provided to or for the benefit of WAG or SEA HORIZON. Ranger Subsea never contracted with Fortune Global on behalf of WAG, and never claimed to have done so.

9. Indeed, the MSA pre-dated WAG's purchase of SEA HORIZON by several years.

10. In an attempt to recover the amounts allegedly owed to it by Ranger Subsea, Fortune Global filed claims jointly and severally against not only Ranger Subsea, but also WAG, SEA HORIZON, and others whom Fortune Global wrongly contends are joint owners of SEA HORIZON (and therefore liable for the unpaid amounts allegedly due to Fortune Global).

11. In connection therewith, Fortune Global filed in Ghana a Writ of Summons for the arrest and detention of SEA HORIZON. The Ghana Court issued an order for arrest on September 20, 2018.

12. WAG filed an application to set aside the Writ of Summons and Statement of Claim against it and SEA HORIZON, based on WAG's and SEA HORIZON's total lack of dealings, contractual or otherwise, with Fortune Global.

13. Indeed, the "evidence" submitted by Fortune Global with its application consisted of invoices – none of which were addressed to or referred to SEA HORIZON or WAG.

14. Despite the total lack of any allegations or evidence in the Writ and Summons to support Fortune Global's claim against WAG or SEA HORIZON, the Ghana Court refused to vacate the arrest.

15. On January 25, 2019, WAG claimed Fortune Global's arrest of SEA HORIZON was wrongful and caused WAG and SEA HORIZON huge loss of earnings. *See* Exhibit 4.

Fortune Global is Ordered to Provide More Information to Support Arrest

16. As noted above, Fortune Global failed to submit with its Application for Arrest any evidence that services were provide to SEA HORIZON or WAG.

17. WAG filed an application to the Ghana Court for an order requiring Fortune Global to provide any documents or evidence supporting its claims against SEA HORIZON.

18. On February 28, 2019, the Ghana Court ordered Defendant Fortune Global to provide "Further and Better particulars together with the invoices, receipts and other documents in relation to the Plaintiff's claims…" within fourteen (14) days, i.e. March 14. *See* Exhibit 5.

19. Despite multiple extensions, Fortune Global failed to provide any additional materials until nearly two months after the order, on April 26, 2019, when Defendant filed a supplementary affidavit.

20. By this time, SEA HORIZON had already applied to the Ghana Court for release of the vessel.

21. On May 3, 2019, SEA HORIZON filed a supplementary affidavit in support of its release, observing that, upon review of the additional materials provided by Fortune Global, the invoices that arguably showed any services provided to SEA HORIZON amounted to approximately US$55,000 – far short of millions Fortune Global claimed it was owed.

<u>Fortune Global is Ordered to Post Security</u>

22. Also on January 25, 2019, WAG applied to the Ghana Court for an order requiring Defendant Fortune Global "to pay 10% of the amount to be provided as security for costs, so that in the likely event of [Fortune Global] losing the action, and costs are awarded, [SEA HORIZON] will be able to enforce the costs against [Fortune Global.]" Exhibit 6.

23. On February 28, 2019, upon WAG's application for the same, the Ghana Court ordered Fortune Global to post security of $400,000. Exhibit 7 (Order for Security for Cost).

24. Despite having received numerous extensions from the Ghana Court, Fortune Global has failed to post any security, much less the $400,000 as ordered by the Ghana Court.

25. Ultimately, the Ghana Court ordered the release of SEA HORIZON on May 24, 2019. However, in light of Fortune Global's various applications for stay of execution and pending appeal, the SEA HORIZON remains detained in Ghana.

26. Notably, Fortune Global is represented in that action by Alliance Partners, a law firm in Ghana, and specifically by Dr. Kofi Mbiah, a solicitor.

The Wrongful Arrest of SEA HORIZON

27. Despite the order to dismiss the suit against SEA HORIZON and release the vessel, it remains the case that SEA HORIZON has been detained in Ghana since September 2018, causing significant harm to SEA HORIZON and WAG, and Fortune Global has not deposited a single dollar with the Ghana Court.

28. Fortune Global's arrest of SEA HORIZON, and further actions to delay is rightful release, were done in bad faith, malice, or gross negligence, with reckless disregard for WAG's legal rights.

29. While Fortune Global pursued various tactics in Ghana to prevent or delay the court-ordered release of SEA HORIZON, another arrest action was commenced against SEA HORIZON and WAG.

30. On or about May 30, 2019, another Nigerian entity, SJ Abed General Enterprises Ltd., obtained an order for arrest and detention of SEA HORIZON.

31. Notably SJ Abed did not commence its action in the same court as Fortune Global's pending action, which was the High Court of Justice, Commercial Division, Accra. Rather, SJ Abed sought the order of arrest in the High Court of Tema.

32. SJ Abed is represented by Fortune Global's counsel - Alliance Partners, and specifically Dr. Kofi Mbiah.

33. SJ Abed's claims are also very similar to Fortune Global's. For example, SJ Abed claims to have provided services pursuant to a Master Services Agreement that pre-dates WAG's purchase of SEA HORIZON. Further, SJ Abed provided no evidence or documentation supporting its claims. Additionally, SJ Abed was permitted to obtain an arrest of SEA HORIZON without posting any security.

34. Upon information and belief, WAG has or will apply to release the SEA HORIZON in the SJ Abed action.

35. Plaintiff also learned this week that a new arrest action was commenced against the SEA HORIZON in Ghana.

36. On or about June 27, 2019, Hercules Marine Limited, another Nigerian entity, obtained an order of arrest of SEA HORIZON.

37. Hercules Marine commenced its arrest action in yet a different court – the High Court for the Western Region, Sekondi.

38. Hercules Marine is also represented by Fortune Global's and SJ Abed's counsel - Alliance Partners, and specifically Dr. Kofi Mbiah. Yet again, Hercules Marine claims it is owed money in connection with an agreement executed, and services provided, prior to WAG's purchase of SEA HORIZON.

39. Upon information and belief Fortune Global, through its counsel in Ghana, is orchestrating these arrest actions in a malicious and bad faith attempt to deplete WAG's resources, with reckless disregard for WAG's legal rights, thereby damaging WAG and SEA HORIZON.

40. As a result of Fortune Global's unlawful arrest, WAG has been unable to sell, employ or charter SEA HORIZON, thereby losing thousands of dollars per day. In addition, as a result of the detention, SEA HORIZON has incurred additional port fees and other expenses at a rate of approximately $250,000 per month. Plaintiff's wrongful arrest claim, as near as it may now be calculated, is not less than $2,500,000, exclusive of interest, costs and attorneys' fees.

41. Fortune Global has not been able to substantiate its claims that WAG or SEA HORIZON are liable to Defendant for millions of dollars, even with a generous view of the additional documents provided by Fortune Global six months after the arrest (which show, at

most, invoices for $55,000, which expenses appears to have been incurred while the vessel was on charter; such charter terminated prior to the Arrest). The claims filed by Fortune Global, and the resulting arrest and detainment of SEA HORIZON, and arose from malice, bad faith, and with reckless disregard for WAG's legal rights.

**The Rule B Allegations**

42. After a diligent enquiry, an office for Fortune Global Shipping & Logistics Ltd., could not be located in the District. *See* Affidavit of Celinda Metro Pursuant To Rule B(1) And In Support of Order Appointing Person To Serve Process Pursuant To F.R.Civ.P 4(C) & Directing Scope of Service dated July 3, 2019 ("**Metro Affidavit**") at ¶5.

43. After a diligent search, including internet searches utilizing the Google search engine, and consulting the website maintained by the New York State Secretary of State, Division of Corporations website, Defendant Fortune Global does not appear to have an agent for the service of process in this District or in New York State. *Id.* at ¶5(a).

44. According to the website maintained by the New York State Secretary of State, Division of Corporations, the Defendant Fortune Global has not registered as a foreign corporation registered to do business in the State of New York. *Id.* at ¶5(b).

45. A call to 411 and a request to search for "Fortune Global Shipping & Logistics Ltd." did not reveal a telephone number or other contact details for Defendant. *Id.* at ¶5(c).

46. Accordingly, Defendant Fortune Global cannot be "found" within the District for the purpose of an attachment pursuant to Rule B and Plaintiff seeks an Order of Attachment against such property, tangible or intangible, of Defendant Fortune Global as may be found within the District, up to and including $400,000.

**Defendant's Assets in the District**

47. Upon information and belief, Defendant maintains bank accounts within this District, at the banks identified below, which contain assets belonging to Defendant:

> Deutsche Bank Trust Company Americas
> 60 Wall Street
> New York, New York 10005
>
> Standard New York, Inc.
> 520 Madison Avenue, 28th Floor
> New York, New York 10022
>
> Wells Fargo Bank N.A.
> 375 Park Avenue
> New York, New York 10152

(collectively the "**Banks**"). *Id.* at ¶7.

48. Accordingly, Plaintiff respectfully seeks (1) an order of attachment directed to the Banks attaching all of Defendant Fortune Global's assets up to the amount sought herein; and (2) a discovery order allowing Plaintiff to serve limited discovery on garnishees seeking information on the location of the New York bank accounts believed to contain assets belonging to Defendant or to Fortune Global Shipping & Logistics (USA), Inc. which, upon information and belief, is an alter ego of Defendant Fortune Global.

## AS AND FOR A FIRST CAUSE OF ACTION
## ATTACHMENT OF FORTUNE GLOBAL ASSETS

49. Plaintiff repeats and realleges paragraphs 1 through 48 as if fully set forth herein.

50. Pursuant to the Order for Security issued by the Ghana Court, Plaintiff is entitled to security of $400,000 from Defendant Fortune Global for its arrest of SEA HORIZON.

51. Plaintiff is entitled to additional and further security of not less than $2,500,000 in respect of its wrongful arrest claim against Fortune Global.

52. The claims for security for arrest are maritime claims.

53.     Defendant Fortune Global cannot be found in this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims.

54.     Upon information and belief, Defendant Fortune Global has property, consisting of, *inter alia*, assets and cash, in this District, including at the Banks.

55.     Plaintiff is accordingly entitled to attach Defendant Fortune Global's property within the District.

**PRAYER FOR RELIEF**

56.     Upon information and belief, Defendants have assets in the District, including at the Banks.

57.     Plaintiff seeks an Order from this Court directing the Clerk of the Court to issue a Process of Maritime Attachment and Garnishment pursuant to F.R.Civ.P. Rule B attaching any and all assets of Defendant up to the amount of $2,900,000 for the purpose obtaining and maintaining security for the costs order of the Ghana Court and Plaintiff's wrongful arrest claim.

58.     Plaintiff also seeks limited discovery, to be served on garnishees, to discover information on the location of the New York bank accounts believed to contain assets belonging to Defendant or to Fortune Global Shipping & Logistics (USA), Inc. which, upon information and belief, is an alter ego of Defendant Fortune Global.

**WHEREFORE**, Plaintiff prays:

That process in due form of law issue against Defendant Fortune Global citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

(A)     That, since Defendant cannot be found within this District pursuant to F.R.Civ.P. Rule B, this Court issue an Order directing the Clerk of the Court to issue Processes of Maritime Attachment and Garnishment pursuant to Rule B attaching all property, tangible or intangible, in

9

whatever form, in the amount of $2,900,000 to secure Plaintiff, and that all persons claiming any interest in the same be cited to appear and, pursuant to F.R.Civ.P. Supplemental Rules B and E, Answer the matters alleged in the Verified Complaint;

    (B)    The Plaintiff be authorized to serve limited discovery on garnishees to discover information on the location of the New York bank accounts believed to contain assets belonging to Defendant or to Fortune Global Shipping & Logistics (USA), Inc. which, upon information and belief, is an alter ego of Defendant Fortune Global;

    (C)    That this Court retain jurisdiction over this matter through the entry of any judgment or further award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

    (D)    That Plaintiff has such other, further and different relief as the Court may deem just and proper in law and equity.

Dated: New York, New York
         July 3, 2019

By: _/s/ Celinda J. Metro_____

Celinda J. Metro
John Kissane
Watson Farley & Williams LLP
250 West 55th Street
New York, New York 10019
(212) 922-2200
cmetro@wfw.com
jkissane@wfw.com

Attorneys for Plaintiff WAG SPV I, LLC

## Verification

I, _Craig Jennings_, a duly authorized representative of Plaintiff, have read the foregoing complaint and, under penalty of perjury, verify the same to be true to the best of my knowledge and belief and following a review of the documents and correspondence related to this matter, except for (i) those matters alleged to be upon information and belief, and those matters I believe to be true based on the foregoing documents and correspondence; and (ii) those allegations supported by the accompanying affidavit of Plaintiff's counsel.

Dated: New York, New York
July 2, 2019

Name: _Craig Jennings_
Title: _President_

11