JUDGE FAILLA

**19 CV 6207**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| WAG SPV I, LLC,<br><br>                                            Plaintiff,<br>      - against -<br><br>FORTUNE GLOBAL SHIPPING & LOGISTICS, LTD,<br><br>                                            Defendant. | 19 CV<br><br>**ORDER DIRECTING CLERK TO ISSUE PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT AND APPOINTING PROCESS SERVER** |

---

On July 3, 2019, Plaintiff WAG SPV I, LLC ("**Plaintiff**"), filed a Verified Complaint in the captioned action seeking damages of not less than **US$2,900,000.00** exclusive of interest, cost and reasonable attorneys' fees, and seeking the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("**Rule B**") against FORTUNE GLOBAL SHIPPING & LOGISTICS, LTD ("**Defendant**").

The Court has reviewed the Verified Complaint and the Affidavit of Celinda Metro In Support of WAG SPV I, LLC's Application For Attachment of Defendant Fortune Global Shipping & Logistics, Ltd. Assets Under Rule B of The Supplemental Rules For Certain Admiralty And Maritime Claims of The Federal Rules Of Civil Procedure (the "**Metro Affidavit**") and finds that the conditions of Rule B appear to exist.

The Metro Affidavit has demonstrated to the Court's satisfaction that the Defendant cannot be found in this District pursuant to Rule B and assets belonging to Defendant are located in this District.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/3/19

**ACCORDINGLY, IT IS HEREBY**

**ORDERED,** that Process of Maritime Attachment and Garnishment (the "**Attachment Order**") shall issue against all tangible or intangible property to or being held for Defendant by the following banks:

>Deutsche Bank Trust Company Americas
>60 Wall Street
>New York, New York 10005
>
>Standard New York, Inc.
>520 Madison Avenue, 28th Floor
>New York, New York 10022
>
>Wells Fargo Bank N.A.
>375 Park Avenue
>New York, New York 10152

(the "**Garnishees**") and any garnishee subsequently identified, upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in an amount of up to **US$2,900,000.00**, pursuant to Rule B; and, it is further,

**ORDERED**, that any person claiming an interest in any property attached or garnished pursuant to this Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not be vacated; and it is further,

**ORDERED,** this Order and Process of Maritime Attachment and Garnishment may be served on the Garnishees by Neil A. Quartaro, John G. Kissane, Celinda J. Metro, Zachary J. Farley, Sabih Siddiqi or any other partner, attorney, paralegal or other agent of Watson Farley & Williams LLP, including a process server, in addition to the United States Marshal or a designated agent, and on such additional garnishees as permitted herein; and it is further,

**ORDERED**, that Plaintiff may serve limited discovery on the Garnishees to identify whether funds have been attached and other potential garnishees in this district, including but not

limited to a bank, or customer of Fortune Global, that may hold property belonging to Defendant or to Fortune Global Shipping & Logistics (USA), Inc., which, upon information and belief, is an alter ego of Defendant Fortune Global; and it is further,

**ORDERED,** that at the request of a garnishee, Plaintiff is required to pay a reasonable fee for processing this attachment, as determined by each garnishee; and it is further,

**ORDERED,** that a copy of this Order be attached to and served with initial service of the Process of Maritime Attachment and Garnishment upon each garnishee; and it is further,

**ORDERED,** that any garnishee served with this Order, upon determining that it is in possession of any property which may be subject to this Order, shall, as soon thereafter as is practicable, advise the Plaintiff of such details about the attachment as are reasonably available to it; and it is further,

**ORDERED,** that in the event Plaintiff restrains any assets pursuant to the Attachment Order, within five (5) days of this having occurred Plaintiff shall inform the Court in writing that it has restrained assets and within thirty (30) days of this having occurred, shall inform the Court in writing whether it has arranged with Defendant and/or third parties to establish a separate escrow account into which to transfer funds in the amount of the attached assets, or obtain mutually acceptable substitute security in the amount of such assets, or pay such funds into the Registry of the Court. If the parties are able to agree to an arrangement, then this case will be dismissed without prejudice, and, upon request by Plaintiff, the case will be reopened for the purposes of any necessary proceedings to enforce any judgment or arbitration award rendered in connection with a resolution of the merits of the dispute that is the subject of this action; and it is further,

**ORDERED,** that this Order shall automatically expire sixty (60) days from the date of its issuance if no assets or other property have been restrained pursuant to this Order, unless the

Plaintiff shows good cause for an extension of this Order for an additional sixty (60) days. Further 60-day extensions may be granted in the discretion of the Court, but only upon a showing by Plaintiff of extraordinary circumstances. All applications for extensions shall be made by letter to the Court; and it is further,

**ORDERED,** that upon expiration or vacatur of this Order by reason of the preceding paragraph, this Action may be dismissed without prejudice, without costs, and without further notice to any party. The Plaintiff is directed to submit a letter to the Court informing it of the automatic expiration of the Order.

Dated: 7/3/2019

SO ORDERED:

_____
U.S.D.J.

4